**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DEEP SINGH and JASKIRAN KAUR, | No. 07-74916 |
| Petitioners, | Agency Nos.    A072-115-162 |
| | A095-412-880 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 12, 2011[**]
San Francisco, California

Before: THOMAS and MURGUIA, Circuit Judges, and ALBRITTON, Senior
District Judge.[***]

Deep Singh and Jaskiran Kaur, natives and citizens of India, petition for

review of the Board of Immigration Appeals' order dismissing their appeal from an

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable William H. Albritton, III, Senior District Judge for the
U.S. District Court for Middle Alabama, Montgomery, sitting by designation.

immigration judge's decision denying their claims for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings. *See Afriyie v. Holder*, 613 F.3d 924, 931 (9th Cir. 2010). We deny in part and grant in part the petition for review, and we remand.

I

We deny Kaur's petition for review of the BIA's decision to deny her CAT relief. Substantial evidence supports the BIA's finding that she failed to establish it is more likely than not she would be tortured upon return to India. *See Singh v. Gonzales*, 439 F.3d 1100, 1113 (9th Cir. 2006) (evidence did not compel the conclusion it was more likely than not the petitioner would be tortured).

II

We grant Singh's petition for review. The BIA found that, even assuming he had established past persecution through credible testimony, he could relocate within India. On this basis, the BIA denied asylum and withholding of removal. Because it is unclear whether the BIA evaluated the relocation issue with the proper burden of proof, *see Afriyie*, 613 F.3d at 935, and because the BIA failed to consider the reasonableness factors set forth in 8 C.F.R. §§ 1208.13(b)(3) and

-2-

1208.16(b)(3), *see id.* at 935-36, we must grant the petition as to these claims and remand for the BIA's further consideration.

In addition, it is not clear whether the immigration judge denied Singh's CAT claim on the merits, independent of his adverse credibility determination, nor is it clear on what basis the BIA agreed with the IJ. Thus, we also grant the petition as to Singh's CAT claim. *See id*. at 935 (explaining the BIA must "provide a comprehensible reason for its decision") (internal citation and quotation omitted).

## III

We deny in part and grant in part the petition for review, and we remand to the agency for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam). Because Kaur is a derivative petitioner on Singh's asylum claim, we remand for further proceedings as to both petitioners on the issues raised in Singh's petition. Each party shall bear its own costs.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**